GEORGE W. PRENTICE & others, Executors *vs.* LUCY RICHARDS

The rent of a boarding house kept by a single woman without a family is not a claim for necessaries against her, within the *St.* of 1848, *c.* 304, § 10, which provides that such claims shall not be barred by a discharge in insolvency.

ACTION OF CONTRACT to recover one hundred and twenty five dollars for one quarter's rent of a dwelling-house in Boston. Answer, a certificate of discharge in insolvency. Replication, that this was a "claim for necessaries furnished to the defendant and her family," within the meaning of *St.* 1848, *c.* 304, § 10, and therefore, not having been proved against her estate, not barred by the discharge.

The question at issue was submitted to the decision of the court of common pleas, and, on appeal, to this court, upon the following facts : The defendant for twenty five years has been a widow, with no children and no family, keeping a boarding house as her sole means of support and as a business. She occupied this house during the time sued for, and had a large parlor in it for the boarders, in which she was accustomed to sit with them ; but reserved no room with a fire in it for herself

*J. A. Abbott,* for the plaintiffs.

*G. W. Searle,* for the defendant.

SHAW, C. J. The question in this case turns upon the construction of *St.* 1848, *c.* 304, § 10, being in addition to the insolvent acts. It provides that a discharge in insolvency shall not bar any claim for necessaries furnished to the debtor or his family, unless proved.

The word " necessaries " is so general, and of so broad a signification in itself, that it is necessary, in construing it, to con sider the subject matter in connection with which it is used. In this statute, it is used as part of the system of insolvency, and it is to be considered in connection with all statutes in *pari materia.*

Three great objects are manifest in the system of insolvent laws ; first, a distribution of all the insolvent's property ; second, an equal distribution of his property amongst all his creditors, when it is insufficient to pay the whole; and third, to discharge an honest debtor from all prior debts. We speak of the general policy ; of course the laws make some exceptions to the complete accomplishment of each of these objects.

The exception in question, of the discharge of the debtor from debts for necessaries, is directly repugnant to the policy of the system in these last two particulars — the equal distribution of the property, and the discharge of the debtor. We think, therefore, it is to be construed strictly, and in reference to the purpose for which it is introduced. This purpose appears to us to be founded on the great principle of humanity, which exempts certain property from attachment, even for a just debt — that which gives effect to the contract of a minor for necessa-

ries, notwithstanding his general disability to bind himself. It is to save the party from suffering for the want of food, shelter, medicine and the like — wants so imperative that even the claims of strict justice must yield to them. Were it not for this provision, a debtor, poor and in declining credit, might be unable to obtain articles on his own credit, sufficient to save himself, and those dependent upon him, from suffering. These will commonly be such small amounts as the debtor, though his property has all been taken, may discharge by his labor, or from subsequent acquisitions.

Such being, in our view, the object of the enactment, we think it must be strictly limited to amounts necessary to relieve present and urgent personal wants, of the character above mentioned. It is in some respects analogous to the case of minor's contracts for necessaries, and to that extent the authority of those cases applies. *Tupper* v. *Cadwell,* 12 Met. 559. *Mason* v. *Wright,* 13 Met. 306.

Without attempting to lay down any general rule, precise enough to apply to all cases — which would be difficult, if not impossible — the court are of opinion, that the rent of a house hired by a single woman without family, for the business of keeping a boarding house, is not within the class of necessaries intended by this statute. If it were, we see not how it could be distinguished from the bills for butcher's meat, groceries and all other supplies of such a house ; and if it could be so considered in regard to a house at five hundred dollars annual rent, why not to a large boarding house, with all its furniture and appliances ? The words are not " things necessary to the carrying on of his business," but " necessaries furnished to the debtor, or his family," which we construe to be, necessary to their personal relief, which the rent in question was not. The debt therefore was barred by the discharge.

*Judgment for the defendant.*