JAMES B. LINCOLN & another *vs.* AUGUSTUS L. DUNBAR.

If articles which are in their nature necessaries are furnished to a debtor who keeps board ers, and the articles are used and consumed in common by the debtor and his family and his boarders, a claim for them is barred by a discharge in insolvency, under Gen. Sts. *c.* 118, § 79.

CONTRACT to recover for goods sold and delivered. The defendant relied in defence upon a discharge in insolvency.

At the trial in the superior court, before *Ames*, J., it appeared that the articles sold were numerous items of groceries, suitable and customary for family use; and that the defendant's family during the time when they were furnished consisted of himself his wife, one child, a domestic, three men employed by him in

the business of collecting poultry and preparing it for market, and from two to five boarders, all of whom lived and took their meals together; and that he afterwards obtained his discharge in insolvency. The judge ruled that, if the goods were bought by the defendant partly for the use of his family and partly for the use of boarders, and if he continued to have boarders during the whole time covered by the account, the claim could not be considered as a claim for necessaries for him and his family, in such a sense as to be excepted from the operation of his discharge in insolvency, even though he and his family made use of a portion thereof. A verdict was thereupon returned for the defendant, and the case was reported to this court.

*C. I. Reed*, for the plaintiffs.

*J. Brown*, (*C. A. Reed* with him,) for the defendant.

METCALF, J. The Gen. Sts. *c.* 118, after providing for the discharge of insolvent debtors from all debts proved or provable against their estates, contain this exception in § 79 : " A claim for necessaries furnished to the debtor or his family shall not be so discharged, unless the claim is proved against his estate." This is a reënactment of § 10 of *c.* 304 of *St.* 1848, which Shaw, C. J., said, in *Prentice* v. *Richards*, 8 Gray, 226, was to be construed strictly, because the exception was directly repugnant to the general policy of the insolvent system. And in that case it was decided that rent of a house hired by a debtor for the business of keeping a boarding-house was not within the class of necessaries ; that such claim could not be distinguished from bills for provisions, groceries and all other supplies for such a house, which are not necessaries for the keeper of the house, nor for his family ; and that, by " necessaries furnished to the debtor or his family," the statute meant things necessary to their personal relief.

We are of opinion that a debtor's boarders are not of his family, within the meaning of the statute, and hence that necessaries for them are not necessaries for him or for his family. And we are also of opinion, upon the bill of items in the account annexed to the plaintiffs' writ, that it was impossible for the jury to determine, except by arbitrary conjecture, what

portion of the articles in the plaintiffs' account, on which this action is brought, was used by the defendant, and therefore that they can recover for no portion of them.

*Exceptions overruled.*