### A. G. SMITH v. MATTIE V. GETZ.

Decided, March 15, 1904.

*Attachment—Rent for Dwelling a Claim for Necessaries—Character and
Quantity of Articles Supplied—Merchant Put on Inquiry, When—
Section 5521.*

A month's rent for a dwelling-house, occupied by a man and his family,
is a claim for necessaries, and as such ground for attachment, as
provided in Section 5521, Revised Statutes, and does not lose its
character as a claim for necessaries by the tenant's moving out
during the month, and renting and occupying another house.

WINCH, J.; HALE, J., and MARVIN, J., concur.

Error to the court of common pleas.

Plaintiff in error was tenant of defendant in error, having
contracted for one month's rent, of a dwelling-house for the
use of himself and family. Having paid half a month's rent in
advance, he moved out in the middle of the month and rented
another house. Suit was brought for the balance of the month's
rent and an order of attachment issued garnisheeing ten per cent.
of the tenant's personal earnings. The ground upon which the
attachment was issued was that the claim was for necessaries.
Motion to dissolve the attachment was made and overruled and
the case is here solely for review of the action of the court below
in sustaining the attachment. The indebtedness is admitted,
but it is contended that under the circumstances of this case
the claim is not one for necessaries.

Food, clothing and shelter are the prime necessities of life,
and it is admitted that, ordinarily, rent due for the use of a
dwelling-house for a debtor and his family is a claim for neces-
saries, within the meaning of those words as used in Section
5521, Revised Statutes, which specifies the grounds upon which
an attachment may be issued.

·But it is claimed by counsel for plaintiff in error that the debtor having rented and being in the occupancy of another house, the use of the first house can not be considered a necessary for him.

Such construction can not be put upon the meaning of the word "necessaries" as used in this statute. When the landlord contracted with his tenant for one month's rent it was in the light of this law and both parties knew that thereupon arose in favor of the landlord a claim for necessaries with the benefit of the attachment laws for the collection thereof. The tenant could not change the character of the claim by his own conduct thereafter. Indeed, if the theory advanced by his counsel is correct, the rent of the second house, not of the first house, would not be a necessary, for he did not need the second house because he already had the use of the first house.

But the theory itself is wrong, and the reasoning inconclusive. To have the benefit of the attachment law the claim must be for something classified as a necessary and of a reasonable quantity; but the creditor is not bound to inquire, as he is in the case of an infant, whether the person he 'is dealing with is already supplied. It has been said by a very learned judge (*Prentice* v. *Richards*, 8 Gray, 226), that a very similar statute in Massachusetts, denying to an insolvent a discharge from debts for necessaries, was analogous to the law giving a merchant a right of action against a minor for necessaries furnished him, but the analogy is not complete and the case referred to was not decided upon that principle. That case involved the rent of a boarding house kept by a single woman without a family. Surely the use of a building for business purposes can not be considered a necessary.

So under the same statute it was held in the case of *Lincoln* v. *Dunbar*, 7 Allen, 264, that supplies furnished a debtor who kept boarders, who consumed them, were not necessaries. But the merchant ,knew without inquiry that he was furnishing the debtor in excess of his personal necessities. These supplies were furnished to be used in business, as the wholesale grocer sells to the retail grocer, who in turn sells to the hotel keeper. Nobody

would argue that an attachment would lie against a hotel-keeper in favor of the grocer supplying him.

So it may be said that a ten year's lease of a dwelling-house, broken by the tenant near the beginning of the term, would not give ground for an attachment against the tenant for the rent of the whole term. True, but for the reason that a car load of flour is not a necessary, while a sack of flour is.

While a person furnishing supplies to an infant is bound to know whether he is already supplied, such is not the case under our attachment laws with reference to necessaries furnished an adult. The reason for this difference is apparent.

"The rule of law is that no one may deal with a minor; the exception to it is, that a stranger may supply him with necessaries proper for him, in default of supply by ane one else; but the stranger's interference with what is properly a guardian's business must rest upon an actual necessity of which he must judge in a measure at his peril. When he assumes the business of guardian for purposes of present relief, he is bound to execute it as a prudent guardian would and consequently to make himself acquainted with the ward's necessities and circumstances." 16 Am. & Eng. Enc. of Law, 280; *Johnson* v. *Lines*, W. & S. (Pa.), 80; 40 Am. Dec., 542.

But under our attachment laws the merchant is dealing with a person *sui juris,* and if the articles supplied are of the character of necessaries and the quantity supplied reasonably necessary for a man and his family, there is no reason why the merchant should further inquire as to the supply his customer already has.

The motion to dissolve the attachment was properly overruled.

Judgment affirmed.

*C. D. Friesbolin,* for plaintiff in error.

*F. A. Beecher,* for defendant in error.